**BURKHARDT et al. v. UNITED STATES.**

No. 17851.

United States Court of Claims.

Feb. 7, 1949.

John Wattawa, of Washington, D. C. (R. M. Rieser, of Madison, Wis., on the brief), for plaintiffs.

Herbert Pittle, of Washington, D. C., and A. Devitt Vanech, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

HOWELL, Judge.

On February 6, 1940, the Willow River Power Company, predecessor in interest of the plaintiffs in the present case, filed suit No. 45067 in the Court of Claims to recover for the loss of the power capacity of its hydroelectric plant, located near the confluence of the Willow River and the St. Croix River, caused by the action of the

United States in raising the water level of the St. Croix River by the erection of a dam described as the Red Wing Dam. The dam erected by the United States, by raising the water level of the St. Croix River, interfered with the operation of the tailrace of the plaintiff's power plant.

After further pleadings by the parties, testimony was taken and on February 18, 1943, Commissioner Ewart W. Hobbs filed his report. Both parties filed exceptions to the Commissioner's report. The case was then argued and on February 7, 1944, this Court made Special Findings of Fact and decided that the plaintiffs were entitled to damages of $25,000 and interest, as just compensation for a taking of its property. 101 Ct.Cl. 222.

The Government moved for a new trial and for amended and additional findings of fact. That motion was overruled and thereafter a petition for a writ of certiorari was granted, United States v. Willow River Power Co., 323 U.S. 694, 65 S.Ct. 68, 89 L.Ed. 561, and the judgment of this court was reversed by the Supreme Court, 324 U. S. 499, 65 S.Ct. 761, 89 L.Ed. 1101. On May 7, 1945, this court filed its order dismissing the petition, pursuant to the mandate of the Supreme Court, and entered judgment in favor of the United States.

On February 21, 1947, the following bill was introduced in the United States Senate:

### 80th Cong., 1st Sess.
### S. 662

Be it enacted by the Senate and the House of Representatives of the United States of America in Congress assembled, That the Secretary of the Treasury is authorized and directed to pay, out of any money in the Treasury not otherwise appropriated, to the Willow River Power Company, of Hudson, Wisconsin, the sum of $31,160, in full satisfaction of its claim against the United States for compensation for damages resulting from diminution of the generative capacity of its hydroelectric plant located near the confluence of the Willow River and the St. Croix River due to a rise in the waters of the St. Croix River caused by the erection by the United States of a dam across the Mississippi River, near Red Wing, Minnesota, in 1938: Provided, That no part of the amount appropriated in this Act in excess of 10 per centum thereof shall be paid or delivered to or received by any agent or attorney on account of services rendered in connection with this claim, and the same shall be unlawful, any contract to the contrary notwithstanding. Any person violating the provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not exceeding $1,000.

On May 24, 1948, the Senate passed the following resolution:

### S. Res. 231

Resolved, That the bill S. 662, for the relief of the Willow River Power Company, with the accompanying papers, is hereby referred to the Court of Claims in pursuance of section 151 of the Judicial Code (28 U.S.C., sec. 257), for such action as the court may take in accordance therewith.

On August 23, 1948, Bertha A. Burkhardt, Helene E. Schultz and Hugh F. Gwin, as trustees and successors to the Willow River Power Company, the plaintiff in case No. 45067, filed a petition in this Court docketed as Congressional Reference No. 17851, and referred to Senate Resolution 231 and Rule 18 of the Revised Rules of this Court, 28 U.S.C.A. In their petition, the plaintiffs repeat substantially the allegations which comprised the first cause of action in case No. 45067. They reassert that the power capacity of the power plant of the Willow River Power Company was diminished by the increased water level due to the construction by the United States of the Red Wing Dam. The plaintiffs request "an order, judgment and decree confirming the claim of the plaintiffs and such recommendations, determinations and findings as the Court may find proper in the premises."

The defendant has filed a motion to dismiss this petition on the grounds that the court is without jurisdiction under Section 151 of the Judicial Code, now 28 U.S.C.A. § 1492, See Public Law 773, 80th Cong. 2d Sess., approved June 25, 1948 or Senate

Resolution 231, 80th Cong., 1st Sess., to rehear and again decide the issues of fact and law which are set forth in plaintiffs' petition.

Sections 2509 and 1492 of 28 U.S.C.A. supersede Section 151 of the Judicial Code. Sections 1492 and 2509 provide as follows:

Sec. 1492: "The Court of Claims shall have jurisdiction to report to either House of Congress on any bill referred to the court by such House, except a bill for a pension, and to render judgment if the claim against the United States represented by the referred bill is one over which the court has jurisdiction under other Acts of Congress."

Sec. 2509: "Whenever any bill, except for a pension, is referred to the Court of Claims by either House of Congress, such court shall proceed with the same in accordance with its rules and report to such House, the facts in the case, including facts relating to delay or laches, facts bearing upon the question whether the bar of any statute of limitation should be removed, or facts claimed to excuse the claimant for not having resorted to any established legal remedy.

"The court shall also report conclusions sufficient to inform Congress whether the demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimant."

What is asked of the court now is not a reversal or review of an earlier decision, but merely a review of the facts in that case.

Section 2509 directs the court, as does the Senate's resolution by reference to the law, also to inform Congress whether the demand is legal or equitable, or a gratuity. Senate Resolution 231 refers this matter to us for such action as the court may take in accordance therewith, Sec. 151 of the Judicial Code. A mere dismissal will not accomplish action "as the court may take in accordance therewith." The section says the court shall report the facts and moreover shall pass upon the equities and this will require a report and consideration of equities to be presented upon the complete submission of the issues.

The law contemplates that if, upon that record and the present state of the law, equities are indicated either by the findings of fact or the law, or both, the court will call attention to these facts. The Senate then can determine whether they are of a nature which should persuade it to act upon the claim in the light of the considered and informed judgment of this court as to the nature and scope of the equities.

In First National Steamship Company et al. v. United States, 106 Ct.Cl. 601, the resolution directed this court to "take such action as it may take in accordance therewith (Sec. 151) and report to the Senate." The court concluded that it could not reopen the case because the issues had become res judicata, but it reported the facts in great detail by special findings and answered the specific questions asked by the Senate.

This cause should be set down in order that a determination can be made as to the kind of report which should be submitted to the Senate based upon suggestions of the parties as well as the determination of the court.

The motion for dismissal is therefore overruled.